UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16cv61147

MAHMOUD ABDELAZIAZ,

     Plaintiff,

v.

FIRST FEDERAL CREDIT CONTROL, INC.,

     Defendant.

_____/

## COMPLAINT

Plaintiff MAHMOUD ABDELAZIAZ ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant FIRST FEDERAL CREDIT CONTROL, INC. ("Defendant"), to wit, for Defendant's violations of 15 U.S.C §1692, the Fair Debt Collection Practices Act, and Florida Statute § 559.551, the Florida Consumer Collection Practices Act, and in support thereof, Plaintiff states the following:

## NATURE OF ACTION

**I.    THE FAIR DEBT COLLECTION PRACTICES ACT**

1.    The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibits a catalog of activities in connection with the collection of debts by third parties. *See*, 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2.      In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3.      Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collectors and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4.      Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. The eight subsections of § 1692f set forth a non-exhaustive list of practices that fall within this ban. One such subsection states:

> (1) The collection of *any amount* (*including* any interest, fee, charge, or expense incidental to the principal obligation) *unless such amount is expressly authorized* by the agreement creating the debt or permitted by law.

15 U.S.C §1692f(1) (emphasis added); *See*, <u>Townsend v. Quantum3 Group, LLC</u>, 535 B.R. 415, 426 (M.D. Fla. 2015) ("[l]ooking to the plain language of 1692f(1), the court interprets the section to permit the collection of a fee in addition to the principal obligation if such fee is expressly authorized by the agreement creating the debt or is otherwise permitted by state law." (quoting <u>West v. Costen</u>, 558 F.Supp. 564, 582 (W.D.Va.1983))).

5.      Moreover, § 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, that of which include:

(2) The false representation of –
        (A) the *character, amount, or legal status of any debt*; *or*
        (B) any services rendered or compensation which may be lawfully received
        by any debt collector for the collection of a debt.
                                    …
(5) The threat to take any action that *cannot legally be taken* or that is not intended
to be taken.
                                    …
(10) The *use of any false representation or deceptive means to collect or attempt to
collect any debt* or to obtain information concerning a consumer.

15 U.S.C. § 1692e (emphasis added).

## II.      THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

6.      The Florida Consumer Collection Practices Act (the "FCCPA") is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA is to be construed in a manner that is protective of the consumer. *See* Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the FDCPA, the provision that is more protective of the debtor prevails). Moreover, "[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt." In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010); *See also* Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding that, the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend.").

7.     The FCCPA proscribes conduct similar to that prohibited by the FDCPA. Specifically, the FCCPA states:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when [the debt collector] *knows that the debt is not legitimate*, or assert the existence of some other legal right when such person knows that the right does not exist.
…
(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…

Fla. Stat. § 559.72 (emphasis added).

8.     As set forth in more detail below, Defendant's actions and/or communications with Plaintiff violates the aforementioned provisions of the FDCPA and FCCPA, thereby giving rise to this action and entitling Plaintiff to damages for the same.

## JURISDICTION AND VENUE

9.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

10.    Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendant occurred here.

## PARTIES

11.    Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

12.    Defendant is an Ohio corporation, with its principal place of business located in Cleveland, Ohio.

13.    On information and belief, Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

14.     At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

15.     The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

16.     The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See*, 15 U.S.C §1692a(5); Fla. Stat. § 559.55(6).

17.     Plaintiff is a "consumer" within the meaning of the FDCPA. *See*, 15 U.S.C §1692a(3).

18.     Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See*, 15 U.S.C §1692a(6); Fla. Stat. § 559.55(7).

19.     Upon information and belief, on a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

20.     On or about March 21, 2016, Defendant sent a letter to Plaintiff in an attempt to collect the Consumer Debt. A copy of said letter (the "First Collection Letter") is attached hereto as Exhibit "A."

21.     In the First Collection Letter, Defendant stated that the amount owed in connection with the consumer debt was $100.21. *See*, First Collection Letter (whereby Defendant stated "**PAY THIS AMOUNT** [] **$ 100.21**" (emphasis in original)).

22.     On April 12, 2016, at 12:09 PM, the Plaintiff's counsel sent a notice of representation to Defendant. A copy of said notice (the "First Notice of Representation") is attached hereto as Exhibit "B."

23.　　On April 12, 2016, at 12:15 PM, Plaintiff's counsel sent a second notice of representation to Defendant to otherwise ensure Defendant had notice of such. A copy of the second notice (the "Second Notice of Representation") is attached hereto as Exhibit "C."

24.　　In both of the aforementioned notices of representation, and accordance with § 1692g(b) of the FDCPA, Plaintiff's counsel requested for Defendant to, *inter alia*, validate the Consumer Debt.

25.　　On April 18, 2016, Defendant sent a second collection letter to *Plaintiff* in an attempt to collect the Consumer Debt. A copy of said letter (the "Second Collection Letter") is attached hereto as Exhibit "D."

26.　　In the Second Collection Letter, Defendant stated that the amount owed in connection with the consumer debt was $100.21. *See*, <u>Second Collection Letter</u> (whereby Defendant stated "**PAY THIS AMOUNT** [] **$ 100.21**" (emphasis in original)).

27.　　On May 13, 2016, in an attempt to comply with the aforementioned validation requests, Defendant sent Plaintiff's counsel a letter. A copy said letter (the "Validation Letter") attached hereto as Exhibit "E."

28.　　In the Validation Letter, Defendant stated the requested validation information was enclosed with the Validation Letter. A copy of the information Defendant provided (the "Validation Information") is attached hereto as Exhibit "F" (note that the clarity and/or condition of the attached Validation Information is original).

29.　　To promote clarity, a modified/darkened version of the Validation Information (the "Enhanced Validation Information") is attached here to as Exhibit "G."

30.　　Pursuant to the Enhanced Validation Information, the amount Plaintiff owes, with respect to the Consumer Debt, is **$0.00**.

## COUNT I.
## VIOLATION OF THE FDCPA

31.     Plaintiff incorporates by reference paragraphs 15-30 of this Complaint as though fully stated herein.

32.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); *See also*. Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

33.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

34.     In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See*, Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

35.     In light of the preceding, Defendant, by and through the collection letters, violated the FDCPA, to wit:

(a)     Section 1692f(1) of the FDCPA by seeking to collect an amount that was not authorized or permitted by contract or statute, in that, pursuant to the documents Defendant provided Plaintiff's counsel, the balance of the Consumer Debt was zero dollars, and thus, Defendant had no lawful authority to collect the $100.21 it demanded in the collection letters

(b)     Section 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of the Consumer Debt and/or the compensation which Defendant lawfully, in that, Defendant (by and through the collection letters) stated that the Consumer Debt balance was $100.21; However, in reality, the Consumer Debt balance was $0.00.

(c)     Section 1692e(5) of the FDCPA by threating to take action that cannot legally be taken or that is not intended to be taken, in that, Defendant stated that it would report Plaintiff to a national credit bureau if Plaintiff did not pay $100.21; However, no such action could be lawfully taken.

(d)     Section 1692e(10) of the FDCPA by utilizing false representations and/or deceptive means in an attempt to collect the consumer debt and/or obtain information concerning Plaintiff, in that, Defendant stated that it would report Plaintiff to a national credit bureau if Plaintiff did not pay $100.21; However, no such action could be lawfully taken.

(e)     Section 1692c(a)(2) of the FDCPA by communicating with Plaintiff in an attempt to collect the Consumer Debt after Defendant knew or should have

known Plaintiff was represented by an attorney, in that, Defendant, by and through the Second Collection Letter, unlawfully communicated with Plaintiff after being twice notified by Plaintiff's counsel that Plaintiff was represented by an attorney, whereby such notice dually provided Defendant with sufficient information to contact Plaintiff's attorney (as evidenced by the Validation Letter Defendant sent Plaintiff's counsel).

36.     As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages.

**COUNT II.**
**VIOLATION OF THE FCCPA**

37.     Plaintiff incorporates by reference paragraphs 15-36 of this Complaint as though fully stated herein.

38.     In light of the preceding, Defendant, by and through the collection letters, violated the FCCPA, to wit:

(a)     Section 559.72(9) of the FCCPA by attempting to collect a debt and/or assert a legal right Defendant knew to be illegitimate and/or otherwise unlawful, in that, Defendant knew it could not lawfully collect $100.21 from Plaintiff because it possessed the documentation which expressly states the Consumer Debt balance is $0.00, but nevertheless, sought to collect $100.21 from Plaintiff as being owed due to the Consumer Debt.

(b)     Section 559.72(18) of the FCCPA by communicating with Plaintiff in an attempt to collect the Consumer Debt after Defendant knew or should have

known Plaintiff was represented by an attorney, in that, Defendant, by and through the Second Collection Letter, unlawfully communicated with Plaintiff after being twice notified by Plaintiff's counsel that Plaintiff was represented by an attorney, whereby such notice dually provided Defendant with sufficient information to contact Plaintiff's attorney (as evidenced by the Validation Letter Defendant sent Plaintiff's counsel).

39.    As a result of Defendant's aforementioned FCCPA violation, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff in entitled to relief for such, in addition to statutory damages.

## **DEMAND FOR JURY TRIAL**

40.    Plaintiff respectfully demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)    Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(b)    Statutory and actual damages, as provided under § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(c)    Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(d)    Any other relief that this Court deems appropriate and just under the circumstances.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

DATED: May 28, 2016

Respectfully Submitted,

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:      tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:      877-575-0010
Fax:          954-507-9975

AND

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:      jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:      954-907-1136
Fax:          855-529-9540

*COUNSEL FOR PLAINTIFF*